UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH ASHLEY, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:16-cv-02053-GMN-VCF |
| vs. ) | |
| ) | **ORDER** |
| CITY OF LAS VEGAS; LAS VEGAS ) | |
| MARSHALS; FREMONT STREET ) | |
| EXPERIENCE, LLC; ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court is the Emergency Motion for Preliminary Injunction, (ECF No. 8), filed by Plaintiff Joseph Ashley on October 25, 2016. Plaintiff alleges that the restrictions set forth in Las Vegas Municipal Code § 11.68 violate his First and Fourteenth Amendment rights under the U.S. Constitution. (Am. Compl., ECF No. 5). Accordingly, Plaintiff argues that a preliminary injunction is necessary to prevent continued enforcement of an unconstitutional law. (Mot. for Prelim. Inj. 15:1–2, ECF No. 8).

Per Local Rule 7-4, emergency motions are only appropriate in rare circumstances and must specifically detail the nature of the emergency. Here, Plaintiff is a student at Indiana University who "spends his summers expressing his speech [in Las Vegas]." (*Id.* 2:22–23). Given that Plaintiff is not presently attempting to exercise speech in Las Vegas, the Court finds that Plaintiff has failed to demonstrate why this motion should be considered on an emergency basis. Accordingly, the Court will address Plaintiff's Motion for Preliminary Injunction at a time after the motion has been fully briefed.

Plaintiff alternatively requests that the Court issue a Temporary Restraining Order that prevents Defendants or their agents from enforcing Las Vegas Municipal Code § 11.68. (*Id.* 1:17–18). In order to succeed on this request, Plaintiff must establish "that he is likely to

succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Here, Plaintiff has failed to demonstrate that he is likely to suffer irreparable harm in the absence of a Temporary Restraining Order.  Notably, Plaintiff has not offered evidence that his free speech rights are presently being impaired or are likely to be impaired within the timeframe of a Temporary Restraining Order.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Preliminary Injunction, (ECF No. 8), will not be considered on an emergency basis.  The Court will address Plaintiff's Motion at a time after it has been fully briefed.

**IT IS FURTHER ORDERED** that Plaintiff's request for a Temporary Restraining Order is **DENIED without prejudice**.

**DATED** this __27__ day of October, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge